UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE CIRNE DE LOS SANTOS,

               Plaintiff,

               -against-

94 CORNER CAFE CORP., MOHINDER SINGH,
BALWINDER SINGH, PARMAJIT KAUR, and KADRA
ZARWI,

               Defendants.

1:21-cv-1577-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

       On June 29, 2021, the Court received a letter from Defendant Mohinder Singh requesting that this case be dismissed. [ECF No. 12.] The Court has also received Plaintiff's letter dated July 2, 2021. [ECF No. 13.]

       The Court construes Defendant Mohinder Singh's letter as a pre-motion letter requesting a conference in connection with a contemplated motion to dismiss. The letter uses the plural first-person pronoun "we" but does not explain on behalf of which other Defendants the letter was filed. The Court cannot assume that the letter was filed on behalf of the other individual Defendants— Balwinder Singh, Parmajit Kaur, and Kadra Zarwi. And because Defendant 94 Corner Cafe Corp. is a corporation, it may not proceed *pro se*. In other words, Defendant 94 Corner Cafe Corp. may appear in federal court only through licensed counsel. *See, e.g.*, *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006).

       Accordingly, IT IS HEREBY ORDERED that Defendants Balwinder Singh, Parmajit Kaur, and Kadra Zarwi shall appear and answer the Complaint on or before July 27, 2021.

       IT IS FURTHER ORDERED that Defendant 94 Corner Cafe Corp. shall retain counsel, appear, and answer the Complaint on or before July 27, 2021.

IT IS FURTHER ORDERED that the deadline for Plaintiff to respond to Defendant Mohinder Singh's pre-motion letter is adjourned *sine die*.

IT IS FURTHER ORDERED that Plaintiff shall serve his letter [ECF No. 13] and this Order, including the *Pro Se* Information Package and the Court's Individual Practice Rules attached below, on each Defendant on or before July 8, 2021, and file proof of service on or before July 13, 2021.

The Clerk of Court is respectfully requested to close docket entry 13.

**SO ORDERED.**

**Dated: July 6, 2021**
    **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

# ENCLOSED DOCUMENTS

❑ a copy of the order of service or order to answer and any other orders entered to date

❑ a copy of the Mediation Referral Order for Pro Se Employment Discrimination Cases, if one has been issued

❑ the individual practices of the district judge and magistrate judge assigned to your case

❑ Instructions for Litigants Who Do Not Have Attorneys, including:

  ❑ Notice Regarding Privacy and Public Access to Electronic Case Files

  ❑ a flyer about the free legal assistance clinic located in the Thurgood Marshall Courthouse (only in nonprisoner cases)

  ❑ a Motions guide

  ❑ a notice that the Pro Se Manual has been discontinued

  ❑ a Notice of Change of Address form to use if your contact information changes

  ❑ a handout explaining matters handled by magistrate judges and a consent form to complete if all parties agree to proceed for all purposes before the magistrate judge

❑ a form for you to complete if you consent to receive court filings electronically (only in nonprisoner cases)

❑ in social security cases only, a flyer about pro bono attorneys available through the New York County Lawyers' Association

❑ USM-285 forms for you to complete so that the Marshals Service can serve certain defendants, and instructions on how to complete the forms (only for use if the judge has ordered you to submit 285 forms; follow the instructions in the order of service)

❑ one or more summonses (only if you have paid the fee in person or if the judge has ordered that a summons be issued to you)



**United States District Court**
**Southern District of New York**

# INSTRUCTIONS FOR LITIGANTS WHO DO NOT HAVE ATTORNEYS

Case Name: _____

Docket No.: _____

District Judge Assigned: _____

Magistrate Judge Assigned:

Your case has been assigned a docket number, a district judge, and a magistrate judge. **Everything that you send to the court concerning this case must be labeled with the case name and docket number (including the initials of the district judge and any magistrate judge before whom the case is pending) listed above.** You must mail or deliver any papers you file in your case to the Pro Se Intake Unit at 500 Pearl Street, Room 200, New York, New York, 10007, or, if your case is pending in the White Plains Courthouse, at 300 Quarropas Street, White Plains, NY 10601-4150. *Do not send any documents directly to a judge unless ordered to do so.*

**If your contact information changes, it is your responsibility to notify the court in writing,** even if you are incarcerated and transferred to another facility or released from custody. Fill out the "Notice of Change of Address" form included with this letter (or write a letter asking for your address to be changed) and send it to the Pro Se Intake Unit. It is not sufficient to send an envelope with a new return address or submit a letter with a new address listed without asking for your address to be officially changed. Your case could be dismissed if you do not notify the court of an address change.

**Your case has been assigned to a district judge and a magistrate judge.** The district judge may handle all matters in your case or may "refer" your case to the magistrate judge for certain pretrial issues. If you and all the other parties in your case agree to have your case proceed before the magistrate judge for *all purposes*, including trial, your case may proceed more quickly. A form for all parties to complete if they agree to have the trial before a magistrate judge is enclosed. For more information, refer to the handout "United States Magistrate Judges: Referrals and Consents."

# WHAT DO I DO AFTER I FILE MY COMPLAINT?

## How do I serve the summons and complaint?

If you filed an Application to Proceed Without Prepaying Fees or Costs (also called an IFP application) and it was granted, the judge assigned to your case will enter an "Order of Service" or "Order to Answer." *You must follow any directions in that order*. If the judge directs the Clerk's Office to send you a U.S. Marshals Service form (USM-285 form) for a particular defendant and directs you to fill it out, you must complete the form for that defendant and return it to the Pro Se Intake Unit. The Marshals Service will then serve the summons and complaint on the defendant at no cost to you. Do not send in a USM-285 form for a defendant unless the order directs you to do so for that defendant. If your IFP application was granted, it is not necessary for you to determine on your own how to serve the summons and complaint, unless you choose not to rely on the Marshals Service for service.

If you did not file an IFP application, or if it was denied, or if you choose not to rely on the Marshals Service, you will either have to obtain a waiver of service from each defendant, or you will have to serve each defendant. Service and waiver are described in Federal Rule of Civil Procedure 4. Further information on service is available on the court's website or from the Pro Se Intake Unit.

## Can I change or amend the complaint after I file it?

Changing a document that has already been filed with the court is known as "amending" the document. Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, you can amend your complaint one time within 21 days after serving the complaint on the defendant. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, if you have not already amended your complaint, you may amend your complaint one time within 21 days after the defendant files an answer or a Rule 12(b), (e), or (f) motion to dismiss, whichever is earlier. You do not need permission from the presiding judge or from the defendant to amend the complaint once under either Rule 15(a)(1)(A) or 15(a)(1)(B).

If you want to amend your complaint more than 21 days after the defendant answers or files a motion to dismiss, or if you want to amend it a second time, Rule 15(a)(2) lets you do so in one of two ways. First, you can file the amended complaint if you get written permission from the defendant(s). When you file the amended complaint, you must also file the document showing that you have permission from the defendant(s) to amend your complaint. Second, if the defendant(s) will not agree to let you amend your complaint, you must file a motion to ask the judge's permission for you to amend your complaint.

When you file an amended complaint, you must file an entirely new complaint, because an amended complaint completely replaces the original complaint. The caption of your amended

complaint should say: "First Amended Complaint." If you amend your complaint a second time, the caption should say: "Second Amended Complaint."

## How do I file motions, briefs, and other documents with the court?

You can file motions, briefs, and other documents in three ways: (1) bring the appropriate documents to the Pro Se Intake Unit to file in person; (2) mail the documents to the Pro Se Intake Unit for filing; or (3) in some cases, file the documents electronically on ECF, the court's electronic case filing system (see instructions below). The Pro Se Intake Unit does not accept faxes or email. By standing order of the court, all pro se litigants must submit their papers to the Pro Se Intake Unit (unless specifically directed by the judge to submit papers directly to that judge's chambers).

## Does the court require a specific format for documents?

Yes, Local Rule 11.1 requires, among other things, that all documents filed with the court be plainly written, typed, or copied in a way that is legible; that documents be double-spaced, except for headings, text in footnotes, or block quotations; that text be in 12-point type or larger; that every paper have the docket number and the initials of the district judge and any magistrate judge before whom the action or proceeding is pending; and that every document have the name of each person signing it printed or typed directly below the signature. In addition, it is very helpful if you include page numbers on your documents. You must also comply with the requirements of Federal Rule of Civil Procedure 11, including the requirement that every document have an original signature. So that your documents can be properly docketed, make sure that they are in the right format – they should have original signatures, a caption, and a title (for example, "Motion").

## How do I serve motions, briefs, or other documents that I file with the court?

After a defendant has been properly served with the summons and complaint *and* that defendant has "appeared" in the case by filing a notice of appearance, an answer, or a motion, you can serve court filings on that defendant's lawyer (or on the defendant, if the defendant does not have a lawyer) by mail or any other method described in Rule 5 of the Federal Rules of Civil Procedure. If the defendant has a lawyer, you do not need to mail copies of your court filings to that lawyer – after you deliver a document to the Pro Se Intake Unit for filing, the Clerk's Office staff will scan and docket it onto the ECF system. The ECF system will then notify by email all other parties who have lawyers that you have filed a document, and those parties will be able to get a copy of the document. This docketing on ECF is deemed to be service under Rule 5(b) of the Federal Rules of Civil Procedure. See ECF Rules 9.1 and 9.2 Therefore, if your court filings are docketed on ECF, you will not have to mail them to any other parties who have lawyers, and you will not have to attach an affirmation of service to those documents.

Please note that this does not mean that you may use the ECF system to serve other parties with discovery materials or any other documents that are not addressed to the court. You must continue to deliver those documents yourself.

## What if I want to receive documents by e-mail?

If you are not incarcerated, you may consent to receive court filings electronically. See the enclosed "Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically." If you consent to receive documents electronically, you will receive a "Notice of Electronic Filing" by e-mail each time a document is filed in your case.

## What if I want to file documents electronically?

Once your complaint has been filed, if you are not incarcerated, you can seek permission to file future documents electronically. If your application is granted, you can file your court documents on the Internet using ECF. This may be a good option if you have access to a computer, scanner, and PDF writer software. To seek permission to file electronically, complete the Motion for Permission for Electronic Case Filing, which can be obtained from the Pro Se Intake Unit or the court's website, and submit it to the Pro Se Intake Unit. Once you have permission and are given a login and password, follow the directions found in the ECF Rules & Instructions, which may be found on the court's website. You may call the help desk at 212-805-0136 if you need assistance with ECF.

## Is there any type of information that I should not include in court filings?

Documents filed with the court will normally be available to the public at the courthouse and on the internet through PACER (Public Access to Court Electronic Records) and the court's ECF system. (In certain types of cases, such as those under the Social Security Act, remote access to electronic files is limited. See Fed. R. Civ. P. 5.2(c).) Certain personal identifying information therefore should be removed from documents *before* the documents are submitted to the court for filing. See the attached Notice Regarding Privacy and Public Access to Electronic Case Files.

## What other information can the Pro Se Intake Unit provide?

Other forms and information, including a Social Security Manual, are available on the court's website and from the Pro Se Intake Unit. In certain cases involving use of force, inmate against inmate assault, and disciplinary due process, the court requires defendants to answer specific discovery requests. See Local Civil Rule 33.2. In their responses, defendants will quote the requests verbatim, but if you want a copy of the requests in advance, you may request them from the Pro Se Intake Unit.

## What if the defendant does not file an answer?

If you believe that the defendant has not filed an answer within the time required, you should bring the issue to the assigned judge's attention by submitting a letter or a motion.



# Notice Regarding Privacy and Public Access to Electronic Case Files

Documents filed with the court will normally be available to the public at the courthouse and on the internet through PACER (Public Access to Court Electronic Records) and the court's electronic case filing system (ECF). (In certain types of cases, such those under the Social Security Act, remote access to electronic files is limited. See Fed. R. Civ. P. 5.2(c).)

**Certain personal identifying information should be removed from documents *before* the documents are submitted to the court for filing.**

Rule 5.2 of the Federal Rules of Civil Procedure and Rule 49.1 of the Federal Rules of Criminal Procedure provide for privacy protection of electronic or paper filings with the court. These rules apply to pleadings, exhibits to pleadings, and any other document submitted by any party or nonparty for filing. Certain limited exceptions may be found in Rules 5.2(b) and 49.1(b). Unless otherwise required by court order or rule, a filer should *not* include certain types of personal identifying information in documents submitted for filing. If it is necessary to file a document that contains personal identifying information, that information should first be redacted (blacked out). A person filing any document containing his or her own personal information *waives* the protection of the rules by filing the information without redaction and not under seal. It is the sole responsibility of counsel and the parties to be sure that all documents comply with the rules requiring redaction of personal information. Neither the assigned judge nor the Clerk of Court will review documents for compliance with the rules.

Federal Rule of Civil Procedure 5.2(a) and Federal Rule of Criminal Procedure 49.1 protect the following information:

1. **Social Security and Taxpayer Identification Numbers:** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.

2. **Dates of Birth:** If an individual's date of birth must be included in a document, the filer may include only the year of birth.

3. **Names of Minor Children:** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.

4. **Financial Account Numbers:** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

Federal Rule of Criminal Procedure 49.1(a)(5) also protects an individual's home address. If an individual's home address is relevant, the filer may include only the city and state of the home address.

Protection of other sensitive personal information, such as driver's license numbers and medical information, may be sought under Rule 5.2(d ) or Rule 49.1(d) (Filings Made Under Seal) and Rule 5.2(e ) or Rule 49.1(e) (Protective Orders). Please review Federal Rule of Civil Procedure 5.2, Federal Rule of Criminal Procedure 49.1, and Section 21 of the court's ECF Rules & Instructions for further guidance.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
Our office is just inside the ground-level entrance to the courthouse, on Pearl Street.

**Open weekdays
10 a.m. - 4 p.m.**
Closed on federal and court holidays

To make an appointment for a consultation, call (212) 659-6190 or stop by the clinic during office hours. Please note that a government-issued photo ID is required to enter the building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.


a beneficiary of



**United States District Court
Southern District of New York**

# MOTIONS

> This guide is intended to be a summary of basic procedures for motion practice. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Motions

### What is a motion?

- A motion is a formal way for a party to ask the court to do something. Generally, any time a party wants the court to do something in a case, that party must make a motion. See Fed. R. Civ. P. 7(b). Some types of motions — the types most often made in cases involving litigants without lawyers — are discussed in this packet.

### What is a dispositive motion?

- A "dispositive" motion means that if the court grants the motion, judgment will be entered with respect to certain claims or defenses, or even with respect to the entire case. Dispositive motions include motions to dismiss and motions for summary judgment.

- Other types of motions, such as a motion to amend the complaint or a motion for an extension of time, are "nondispositive," which means that the decision on the motion will not ordinarily result in judgment or dismissal of any part of the case.

### What are the steps for making a motion?

- Motions must be made in writing, except for those made during a hearing or a trial. See Fed. R. Civ. P. 7(b).

  o First, the party who makes the motion (called the "moving party" or "movant") files the motion, explaining what the moving party wants the court to do and why the court should do it.

  o Second, the opposing party files papers opposing the motion, explaining why the court should not grant the motion.


o Third, the moving party may file reply papers responding to the arguments made in the opposition papers. At that point, neither side may file any more documents related to the motion without permission from the court.

## Will there be oral argument on the motion?

- After all of the motion papers are filed, the court will typically decide the motion based solely on the arguments in the papers. In some cases, the court may schedule a conference where each side appears in the courtroom and states their arguments in person (this is called "oral argument").

- In either case, the court may decide the motion either in a written decision or by announcing the decision in the courtroom during a conference.

## How do I file and serve motion papers?

- Unless you have applied for and received permission to file your documents electronically, you should mail or deliver all papers to the Pro Se Intake Unit. The Clerk's Office will scan and docket your papers, and if the other parties have lawyers, they will be served with your papers electronically.

- If any other parties do not have lawyers, you must serve those parties with paper copies of your documents.

## When will the court decide the motion?

- Given how many cases each judge is assigned, it may take a while before the court decides a motion.

# Making a Motion

## How do I make a motion?

- First, you must determine the legal basis for bringing the motion. Some of the most common types of motions brought by plaintiffs without lawyers are motions for extensions of time, motions to compel compliance with discovery requests, and motions to amend a complaint.

- Second, you must check the Local Civil Rules and the judge's individual rules of practice to determine whether you are required to request a conference or take some other step before making your motion. If, for example, you would like to make a motion concerning a discovery issue, you must first write a letter to the judge. See Local Civil Rule 37.2. In some cases, a formal motion is not required, and you may make a motion simply by writing a letter.

- Third, you must draft your motion papers, which are described next.


## What documents do I need to file to make a motion?

- Under Local Civil Rule 7.1, unless the court makes an exception, all motions must include the following motion papers:[1]

  - **Notice of Motion:** This notice (usually just one page) specifies (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do. A Notice of Motion form is attached to this guide.

  - **Memorandum of Law:** The memorandum of law describes the cases, other authorities, and arguments that support the party's position. This is often referred to as a "brief."

  - **Declaration:** A declaration (sometimes called an "affirmation") is a statement made under penalty of perjury that contains factual information relevant to the motion. The declaration may also include attached exhibits. A declaration is only required if factual information is necessary for the court to decide the motion.

- All motion papers must include a caption, the docket number, and the initials of the district judge and any magistrate judge before whom the case is pending, and have the name, address, telephone number, and email address (if available) of each person signing it clearly printed or typed below the signature. See Fed. R. Civ. P. 7, 10, 11; Local Civil Rule 11.1.

- Motion papers should also include a title next to or below the caption; for example, "Notice of Motion for Extension of Time" or "Declaration in Support of Motion to Dismiss." (Local Civil Rule 11.1 describes other formatting requirements for typewritten motions.)

- Certain types of motions may be made by letter. Check the Local Civil Rules and the individual rules of practice of the judge.

- If you are the one who made the motion, you are entitled to file a reply, responding to arguments that the other side made in its opposition papers. Unless the judge set a different schedule or includes different deadlines in his or her individual rules of practice, a reply is generally due seven days after the opposition is served. Your reply should consist of a memorandum of law or declaration (or both).

---

[1] The Clerk of Court will not refuse to accept your papers simply because they do not exactly comply with these rules. See Fed. R. Civ. P. 5(d).



# Opposing Motions

## How much time do I have to oppose a motion?

- Unless otherwise ordered by the judge or specified in the judge's individual rules of practice, opposition to most motions must be filed within 14 calendar days after you are served with the motion papers. Check Federal Rule of Civil Procedure 6 and Local Civil Rule 6.1, as well as the judge's individual rules of practice, if you are unsure how much time you have to respond to a motion.

- If you need additional time to meet a motion deadline, you should ask the party who made the motion for an extension of time. If that party agrees, you and that party can submit the agreement to the court to get its approval of the proposed schedule. If that party does not agree, you may write a letter to the judge asking for an extension of time.

## What documents do I need to file to oppose a motion?

- Unless the court makes an exception, you will need to file a memorandum of law to oppose a motion. In your memorandum of law, you will describe the cases, other authorities, and arguments that support your position that the motion should not be granted.

- If factual information is necessary for the court to decide the motion (if, for example, the defendant has moved for summary judgment), you may also need to submit one or more declarations. You may attach additional evidence as exhibits to the declarations.

- After you file your opposition, the party who made the motion may file a reply. You cannot "oppose" or respond to reply papers without permission from the court.

# Motions to Dismiss (Rule 12)

- In a motion to dismiss, the defendant argues that, even if everything you allege in your complaint is true, there are legal defects that require the court to dismiss your complaint (for example, the allegations in your complaint do not state a constitutional violation). See Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure.

- The defendant may move to dismiss before filing an answer (under Federal Rule of Civil Procedure 12(b)) or after (under Federal Rule of Civil Procedure 12(c)).


- If you need to add facts to your complaint to oppose the motion to dismiss, you should describe the additional facts in a proposed amended complaint and submit that document with your memorandum of law.

# Motions for Summary Judgment (Rule 56)

- In a motion for summary judgment, a party (usually, but not always, a defendant) argues that the court should decide the case without a trial, because the undisputed facts show that the other party is not entitled to a verdict in that other party's favor. See Rule 56 of the Federal Rules of Civil Procedure.

- With some exceptions, motions for summary judgment are normally made after discovery has concluded.

- To successfully oppose a motion for summary judgment, you need to present the evidence, through declarations or exhibits, that demonstrates that there are disputes over important facts and therefore a trial is needed.

- In addition to the other documents required to make a motion, a party's motion for summary judgment must include a statement in the form required by Local Civil Rule 56.1 (a 56.1 statement).

- In the 56.1 statement, the moving party must list, in individually numbered paragraphs, important facts that the party argues are not in dispute.

- To oppose a motion for summary judgment, in addition to a memorandum of law, you must submit your own statement responding to the other party's 56.1 statement.

  o In paragraphs numbered to correspond with the other party's 56.1 statement, you must state whether you agree or disagree with each factual statement.

  o If you agree with the statement, you may just write "agree" as to the particular numbered paragraph.

  o If you disagree with the statement, you must identify evidence that supports your version of the facts. You may cite to your own sworn statement (such as a declaration made under penalty of perjury), deposition testimony, witness affidavits, or other documents as evidence to demonstrate that there is a dispute concerning that statement of fact. All of this evidence must be submitted to the court. You may do this by filing a declaration signed under penalty of perjury, to which each piece of evidence is attached as a separate exhibit.

  o For example, if the defendant states: "1. The light was green when defendant entered the intersection," the plaintiff can either write: "1. Agree." or something like: "1. Disagree. The light was red when the defendant entered the intersection. See Police Accident Report, attached to plaintiff's declaration as Exhibit A."


- If you do not respond to the other party's 56.1 statement, or if you do not respond to a particular paragraph, the court may consider the opposing party's factual statement to be true.

- If you believe that you need access to additional information to oppose the motion, you must file a declaration stating what information you need and why you need it to oppose the motion. See Fed. R. Civ. P. 56(d). Usually, filing such a declaration is appropriate only if the motion was made before discovery ended.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

**NOTICE OF MOTION**

_____

_____

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that _____  _____

plaintiff or defendant        name of party who is making the motion

requests that the Court:




Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐  a memorandum of law

☐  my own declaration, affirmation, or affidavit

☐  the following additional documents:




_____                    _____
Dated                                        Signature

_____             _____
Name                                         Prison Identification # (if incarcerated)

_____      _____  _____  _____
Address                               City             State     Zip Code

_____             _____
Telephone Number (if available)              E-mail Address (if available)

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)

_____

Signature

_____

Name

_____

Prison Identification # (if incarcerated)

_____

Address                    City                State        Zip Code

_____

Telephone Number (if available)

_____

E-mail Address (if available)



**United States District Court**
**Southern District of New York**

# The Manual for Pro Se Litigants Has Been Discontinued

The court has discontinued the Manual for Pro Se Litigants. Information for litigants who are representing themselves is available in the information package that is mailed when an order of service or order to answer is issued, and in separate guides, manuals, and forms. These documents are available on the court's website at http://nysd.uscourts.gov/ under Forms/Pro Se. If you are not able to access the necessary information online, and you have not already received it, you may request that the Clerk's Office provide it to you.

Please indicate below what information you are requesting:

❑ Motions Guide (available only if the judge has entered an order of service and the guide was not included in the information package sent to you or if you are a defendant representing yourself)

❑ Discovery Guide (available only if your case is in discovery)

❑ Consent to Electronic Service (available only in nonprisoner cases)

❑ Motion for Permission for Electronic Case Filing (available only in nonprisoner cases)

❑ Representing Yourself at Trial (available only if your case is proceeding to trial)

_____

Name (Last, First, MI)

_____

Address            City            State            Zip Code

_____

Telephone Number            e-mail address

_____

Date            Signature

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

\_\_\_\_\_CV_____ (\_\_\_\_\_)(\_\_\_\_\_)

-against-

## NOTICE OF CHANGE OF ADDRESS

_____

(List the full name(s) of the defendant(s)/respondent(s).)

I hereby notify the Court that my address has changed to the following:

_____         _____
Date                                    Signature

_____         _____
Name (Last, First, MI)                  Prison Identification # (if incarcerated)

_____  _____  _____  _____
Address                    City         State        Zip Code

_____         _____
Telephone Number                        E-mail Address (if available)



**United States District Court**
**Southern District of New York**

## UNITED STATES MAGISTRATE JUDGES:
## REFERRALS AND CONSENTS

All cases in the Southern District of New York are assigned to two judges: a district judge and a magistrate judge. District judges are appointed for life terms by the President. Magistrate judges are selected by a majority vote of the district judges in the particular district and serve terms of eight years.

**Referrals to the Magistrate Judge:** The district judge assigned to your case may refer the case to a magistrate judge for specific purposes. Commonly, the referral will be for the magistrate judge to conduct the proceedings that occur before trial, such as resolving discovery disputes or presiding over settlement conferences. A referral may also be made for the magistrate judge to issue to the district judge a report and recommendation on how to resolve a motion, such as a motion to dismiss or a motion for summary judgment. The consent of the parties is not needed for the district judge to refer the case to the magistrate judge for these purposes. If the district judge has made such a referral, you can ask the district judge to review any magistrate judge's decision by filing an objection with the district judge within fourteen days of that decision. The district judge will rule on any timely objections that you file. If you do not file an objection, you will give up your right to challenge the magistrate judge's decision at a later time, including on appeal. *See* Federal Rule of Civil Procedure 72.

**Consent to Proceed Before the Magistrate Judge:** If you would like your case to move more quickly, it is helpful to consent to proceed before the magistrate judge for all purposes, including any trial. If all parties consent, the magistrate judge will perform the identical function that the district judge would have performed. Any trial in your case would be either a jury or a nonjury trial, depending upon whether there is a right to a jury trial and a proper request for such a trial. The only difference is that the magistrate judge – and not the district judge – would preside over that trial. Cases that proceed for all purposes before a magistrate judge generally move more quickly than cases before a district judge. If all parties consent to proceed before the magistrate judge, the district judge plays no further role in the case. Any appeal is taken directly to the Court of Appeals. It is your choice whether or not to consent to proceed before the magistrate judge.

A copy of the appropriate consent form is attached. Additional forms are also available from the Pro Se Intake Unit and on the Court's website.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)  Civil Action No.<br>)<br>) |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address |

| | |
|---|---|
| Date | Signature |

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

## INDIVIDUAL RULES OF PRACTICE IN CIVIL CASES
### Mary Kay Vyskocil, United States District Judge

**Chambers**
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007
(212) 805-0200
VyskocilNYSDChambers@nysd.uscourts.gov

**Courtroom**
500 Pearl Street, Courtroom 18C
Roseanne Dempsey,
Courtroom Deputy
(212) 805-0174

**Pro Se Intake Office**
United States District Court
Southern District of New York
40 Foley Square, Room 105
New York, NY 10007
(212) 805-0175

1.  **Procedural Rules**

    A.  **Generally.** The Court's procedures are governed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and the Individual Practices set forth below. Unless otherwise ordered, these Individual Practices apply to all civil matters before Judge Vyskocil.

    B.  **Pilot Projects and Plans.** If a case is designated by Order of the Court to be part of one of the *Court's* pilot projects or plans (including the protocols set forth in Local Civil Rule 83.10), the procedures in such project or plan shall govern to the extent that they are inconsistent with these Individual Practices.

2.  **Communications with the Court**

    A.  **ECF.** In accordance with the Electronic Case Filing ("ECF") Rules and Instructions, counsel are required to register as ECF filers and to enter a notice of appearance in the case promptly. Instructions are available on the Court website, at https://nysd.uscourts.gov/electronic-case-filing. Counsel are responsible for updating their contact information on ECF as needed, and counsel remain responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity.

    B.  **Letters.** Except as otherwise provided below, communications with the Court should be by letter not to exceed three pages in

length.  Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information, letters should be filed electronically on ECF, with copies simultaneously delivered to all counsel.

**Copies of correspondence between counsel shall not be filed on ECF or otherwise sent to the Court** (except as exhibits to an otherwise properly filed document).

    i.    **By a *Pro Se* Party.**  All communications with the Court by a *pro se* party must be sent to the Pro Se Intake Office.  You may contact the Pro Se Intake Office at (212) 805-0175 during normal business hours, 8:30am - 5:00pm, Monday – Friday.  No documents or filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel should not be sent to the Court.

**C.**    **Urgent Communications.**  Materials filed via ECF are generally reviewed within one business day of filing.  If a given submission requires immediate attention, please notify Chambers by telephone after it is filed by ECF.

**D.**    **Telephone Calls.**  For docketing, scheduling, and calendar matters, call the Courtroom Deputy Roseanne Dempsey at (212) 805-0174 between 9:00AM and 4:30PM.  Otherwise, telephone calls to Chambers are permitted only for urgent matters.

    i.    **By a *Pro Se* Party.**  *Pro se* parties are not permitted to telephone Chambers.  *Pro se* parties are directed to contact the Pro Se Intake Office at (212) 805-0175.

**E.**    **Faxes.**  Faxes to Chambers are not permitted (unless specifically directed by the Court).

**F.**    **Hand Deliveries.**  Where requested by the Court, hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse at 500 Pearl Street, New York, NY 10007, and may not be brought directly to Chambers.  Hand deliveries are continuously retrieved from the Worth Street entrance by Courthouse mail staff and then taken to Chambers.  If the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

**G.** **Requests for Adjournments or Extensions of Time.** Letter motions for adjournments or extensions of time should state: (i) the original due date; (ii) the number of previous requests for adjournment or extension of time; (iii) whether these previous requests were granted or denied; (iv) the reason for the current request; and (v) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached. All requests for adjournments or extensions of time, including requests on consent, must be made at least 72 hours prior to the scheduled appearance. Absent good cause, failure to comply with this deadline will result in denial of the request.

    **i.** **By a *Pro Se* Party.** Requests for extensions by *pro se* parties should be submitted to the Pro Se Office, and shall include the information specified in Rule 2(D), except that a *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order.

**H.** **Proposed Orders and Stipulations.** All stipulations and proposed orders — with the exception of emergency applications, including temporary restraining orders and preliminary injunctions — should be filed electronically using the Court's ECF system. Emergency applications should be filed with the Orders and Judgments Clerk, in person at 40 Foley Square, Room 105. Courtesy copies need not be sent to Chambers. For further information, parties are directed to consult the SDNY Electronic Case Filing Rules & Instructions, available at https://nysd.uscourts.gov/electronic-case-filing.

**I.** **Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which it is related (e.g., 19 Civ. 1234 [rel. 18 Civ. 4321]).

**J.** **Cases Removed from State Court.** Counsel for the removing party or parties must, in addition to providing a copy of all process, pleadings, and papers served upon the defendants pursuant to 28 U.S.C. § 1446(a), provide the Court with a courtesy copy of any pleading filed or served while the case remained in state court. Counsel for all parties must file notices of appearance in this Court promptly upon removal.

3.    **Conferences**

   A.    **Attendance by Principal Trial Counsel.**  The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

   B.    **Participation by Junior Attorneys:** The Court encourages the participation of less experienced attorneys in all proceedings — including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial — particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness.  The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate.  Nevertheless, all attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceedings (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

   C.    **Initial Case Management Conference.**  The Court will generally schedule a conference pursuant to Federal Rule of Civil Procedure 16(c) to take place within one month of the filing of an Answer to the Complaint.  The Notice of Initial Pretrial Conference will be filed on ECF.  Plaintiff's counsel is responsible for distributing the Notice of Initial Pretrial Conference to all parties.  Pursuant to the Notice, the parties are required to file on ECF and submit via e-mail (VyskocilNYSDChambers@nysd.uscourts.gov) a joint letter and Proposed Civil Case Management Plan and Scheduling Order (https://nysd.uscourts.gov/sites/default/files/practice_documents/MKV%20Vyskocil%20Case%20Management%20Plan.pdf) in PDF and Microsoft Word format one week prior to the Initial Pretrial Conference.

   D.    **Discovery Disputes.**  The parties are to follow Local Civil Rule 37.2 with the following modifications:  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may file on ECF a **joint** letter, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference.  Such a letter must

include a representation that the meet-and-confer process occurred and was unsuccessful. After reviewing the joint letter, the Court may schedule a conference with the parties or ask for additional submissions in order to resolve the dispute.

*Counsel should seek relief in accordance with these procedures in a timely fashion. Specifically, parties should seek relief with respect to discovery in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff. If a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.*

E.     **Post-Discovery Conference**. In the Case Management Plan, the Court will schedule a Post-Discovery Conference to occur after all discovery has closed. In advance of the Post-Discovery Conference, the parties must submit a joint status letter, as described in the Case Management Plan and Scheduling Order. Any pre-motion filings for post-discovery dispositive motions will be addressed at the Post-Discovery Conference. Pre-motion letters and related filings (as described in ¶4(A)(i) below) must be submitted to the Court at least seven days before the Post-Discovery Conference. Deadlines for briefing dispositive motions and submission of pretrial materials (*see* ¶7) will be set at the conference.

## 4. Motions

A.     **General Rules**

i.     **Pre-Motion Submissions in Civil Cases.** Parties wishing to file a motion to dismiss, a motion for summary judgment, a motion for judgment on the pleadings, a motion for sanctions, and any motions concerning discovery should, prior to filing any motion, request a pre-motion conference with the Court. Motions concerning discovery are discussed in Section 3(D) above.

Pre-motion conferences are **not** required with respect to:

- Motions by incarcerated *pro se* litigants;

- Applications for temporary restraining orders;

- Applications for injunctions;

- Motions to remand;

- Motions for reargument;

- Motions described in Federal Rules of Appellate Procedure 4(a)(4)(A);

- Applications for attorney's fees;

- Motions for reduction of sentences;

- Objections to a Magistrate Judge's ruling;

- Motions brought on by order to show cause;

- Motions for admission *pro hac vice;*

To request a pre-motion conference, the party wishing to make a motion shall file a letter, not to exceed three pages, briefly describing the motion that is contemplated and summarizing the grounds for the proposed motion, and whether the motion is on consent of all parties.  If the motion is not on consent, any opposing party should file a letter setting forth its position, not to exceed three pages, within three business days after the request is filed.  The Court will then determine whether to hold a pre-motion conference in the matter.  A courtesy copy of each letter (with the ECF header, see Section 2(B) above) must also be delivered to Chambers.

If a case has been referred to a magistrate judge for any reason that does not include dispositive motions, the parties should address pre-motion letters about dispositive motions to Judge Vyskocil, and Judge Vyskocil will hold any pre-motion conference and control the briefing schedule for the motion.

**If the contemplated motion is for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the pre-motion conference letter must be accompanied by a copy of the movant's Rule 56.1 statement and any letter in opposition must attach the non-movant's Rule 56.1 Counter-Statement.  See 5(C) below.  The supporting exhibits need not be filed with the Court until the parties submit their actual motion (or opposition) and supporting memoranda.  Pre-motion letters concerning a motion for summary judgment must be filed one week in advance of the Post-Discovery Conference (*see* ¶ 3E).**

*The submission of a pre-motion letter does not stay any future deadlines, except that submission of a pre-motion letter concerning a motion to dismiss will stay a defendant's time to answer or otherwise move with respect to the Complaint.*

ii. **By a *Pro Se* Party.** Pre-motion submissions are not required from *pro se* parties. If the *pro se* party's adversary files a pre-motion submission, the *pro se* party may, but is not required to, file a response to the pre-motion submission. Any such response shall be due three business days after the pre-motion submission is received by the *pro se* party.

iii. **Memoranda of Law in Civil Cases.** The typeface, margins, and spacing of motion papers must conform to Local Civil Rule 11.1. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda of law shall be in 12-point font or larger, double-spaced, and text-searchable. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit. Sur-reply memoranda will not be accepted without prior permission of the Court. All appendices to memoranda of law must be indexed.

iv. **Filing of Motion Papers.** Motion papers shall be filed with the Clerk's Office promptly after service.

v. **Motion Schedule** – Unless otherwise stipulated by the Court, the schedule for responses and replies to civil motions shall be that established by Local Civil Rule 6.1.

vi. **Courtesy Copies.** Two courtesy copies of all motion papers, marked as such and including the ECF header (See Section 2(B) above), shall be mailed or hand-delivered to the Court at the time of filing by the party making the filing. All courtesy copies should be double-sided, three-hole-punched, tabbed, and placed in binders.

vii. **Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. After reviewing the motion papers, the Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**B.** **Letter Motions.** Letter motions with respect to administrative matters may be filed via ECF if they comply with the Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions. All requests for adjournments, extensions, and pre-motion conferences should be filed as letter motions. If the letter motion is not on consent, any opposing party should submit a letter setting forth its position, within three business days after the initial letter motion is received.

**C.** **Motions to Dismiss.** When a motion to dismiss is filed, the non-moving party must, within fourteen (14) days of filing of the motion, notify the Court and its adversary in writing whether (i) it intends to file an amended pleading and when it shall do so, or (ii) it will rely on the pleading being attacked. This Rule does not alter the time to file a response provided by the Federal and Local Rules. If plaintiff amends its pleading, the defendant must, within fourteen days of service of the amended complaint: (i) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court and the plaintiff stating that it relies on the previously filed motion to dismiss.

**D.** **Preliminary Injunction Motions.** The Court generally follows the procedure for the conduct of non-jury trials described in Section 7(C) below.

**E.** **Motions to Exclude the Testimony of Experts.** Pursuant to Rules 702-705 of the Federal Rules of Evidence and the line of cases beginning with *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), motions to exclude testimony of experts must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.

**F.** *Pro Se* **Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

**G.** **Default Judgments.** A plaintiff seeking a default judgment must proceed by way of a motion, and NOT by Order to Show Cause, pursuant to the procedure set forth in Attachment A.

**5.** **Special Rules for Summary Judgment Motions.**

    **A.** **Generally Not Available in Non-Jury Cases.** Absent good cause, the Court will not have summary judgment practice in a non-jury case.

    **B.** **Courtesy Copy of Deposition Transcript.** Except in *pro se* cases, the parties shall provide the Court with an electronic, text-searchable courtesy copy of any hearing or deposition transcript on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome. Parties should provide these materials on a CD or memory stick and not by e-mail. Where parties rely on deposition testimony, they may quote excerpts of deposition transcripts, but must include (only once) the entire deposition transcript as an exhibit.

    **C.** **Local Rule 56.1 Statements.** Pursuant to Local Civil Rule 56.1, a movant for summary judgment shall file a statement of material undisputed facts and the opposing party shall respond.

        **i.** **Electronic Copy to Other Parties.** Except in *pro se* cases, the moving party should provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts Pursuant to Local Civil Rule 56.1.

        **ii.** **Organization of 56.1 Statements.** The 56.1 Statement must be organized into numbered paragraphs and each numbered paragraph must contain only one factual assertion. Each factual assertion must be followed by a citation to the portion(s) of the evidentiary record relied upon.

        Except in *pro se* cases, opposing parties must reproduce each entry in the moving party's 56.1 Statement, and set out the opposing party's response directly beneath it. The response must state specifically what is admitted and what is disputed, and the basis for any dispute, citing specific portions of the evidentiary record relied upon. The response may go on to make additional factual allegations in paragraphs numbered consecutively to those of the moving party (*i.e.*, they do not begin re-numbering at 1). If additional factual allegations are made by the opposing party, the moving party must file its own responsive 56.1 Statement addressing the additional assertions.

        **iii.** **Multiple Parties Must Coordinate Statements.** If multiple parties are submitting 56.1 Statements, they must coordinate

their statements to provide for consecutive, non-overlapping, numbered paragraphs in their respective statements.

iv. **Statement of Facts.** Each memoranda of law must include a statement of facts and may not simply incorporate by reference the entirety of a party's 56.1 Statement.

6. **Other Pretrial Guidance**

A. **Notice of Orders and Judgments.** The Court will provide notice of entry of any order or judgment through the Electronic Filing System for all ECF cases. The Court will not send facsimile copies of orders of judgments, except in cases which are not ECF cases and in extraordinary circumstances. It remains the duty of counsel for a party to review regularly the docket sheet of a case.

B. **Applications for a Temporary Restraining Order.** A party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met. As soon as a party decides to seek a temporary restraining order, he or she must call Chambers at (212) 805-0200 and state clearly whether (i) he or she has notified the adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary. If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must bring the application to the Court at a time mutually agreeable to the party and its adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

C. **Settlement Agreements.** As a general rule, the Court will not retain jurisdiction to enforce settlement agreements. If the parties wish that the Court retain jurisdiction to enforce a settlement agreement, the parties must file a motion containing that request and the reasons for retaining jurisdiction and attaching a copy of the settlement agreement on the public docket (or explaining why the settlement agreement is not made public at the time of the Motion). Upon receipt of the motion, the Court will decide whether to retain jurisdiction. Absent compelling circumstances, the Court will not retain jurisdiction to enforce a confidential settlement agreement.

D. **Bankruptcy Appeals.** The briefing schedule and format and length specifications set forth in the applicable provisions of

Federal Rules of Bankruptcy Procedure shall govern unless otherwise ordered by the Court. Counsel may extend the default deadlines by stipulation submitted to the Court no later than two business days before the brief is due.

7. **Trial Procedures**

A. **Joint Pretrial Order.** The parties shall file on ECF, and e-mail to the Court, within thirty (30) days of the Post-Discovery Conference, unless otherwise ordered by the Court, a proposed joint pretrial order, which shall include the following:

    i. The full caption of the action;

    ii. The names, law firms, addresses, telephone (including mobile phone) and fax numbers, and email addresses of trial counsel;

    iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

    iv. A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Any claim or defense not so identified will be deemed withdrawn. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter;

    v. A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

    vi. A statement by each party as to whether the case is to be tried with or without a jury and the number of trial days needed;

    vii. A joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;

    viii. A list of people, places, and institutions that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection;

ix.    Any stipulations or agreed statements of fact or law to which all parties consent, including a certification by lead trial counsel for all parties that they have met face-to-face for the purpose of endeavoring to reach agreement upon stipulations of fact and stipulations of testimony and the content of their stipulations;

x.    A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

xi.    A designation (page and line) of deposition testimony to be offered by each party in its case in chief and any counter-designations and objections by any other party;

xii.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.  If there are objections, the objecting party must include a brief statement that makes clear the basis for its objection and provide any necessary supporting authority;

xiii.    A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

xiv.    A statement of whether the parties consent to less than a unanimous verdict.

**B.**    **Required Pretrial Filings.**  Each party shall file and serve with the joint pretrial order:

i.    In both jury and non-jury cases, motions addressing any evidentiary issues or other matters that should be resolved *in limine*.  \*\*Opposition papers shall be filed within seven days thereafter, and reply papers, if any, shall be filed within four days of any opposition;

ii.    In all cases where a party believes it would be useful to the Court, a pretrial memorandum of law;

iii.    In jury cases, ***joint*** proposed *voir dire* questions, verdict form and requests to charge. These joint submissions shall consist of single documents, jointly composed, noting any areas of disagreement between the parties.  The *voir dire* questions and

jury instructions shall include both the text of any requested questions or instructions as well as a citation, if available, to the authority from which it derives. These documents should also be submitted by e mail to Chambers in Microsoft Word format;

**iv.** Submit to the Court and serve on opposing counsel, but NOT file on ECF, all documentary exhibits; and

**v.** In non-jury cases, proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions. These documents should also be submitted to Chambers by e mail in Microsoft Word format.

**C.** **Additional Submissions in Non-Jury Cases.** At the time the joint pretrial order is filed, each party shall e-mail to the Court and serve on opposing counsel, but not file on ECF, the following:

**i.** Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits should be brought to trial to be marked as exhibits;

**ii.** All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition. Each synopsis shall include page citations to the pertinent pages of the deposition transcripts; and

**iii.** All documentary exhibits.

**D.** **Filings in Opposition.** Any party may file on ECF, and e-mail to the Court, the following documents within one week after the filing of the pretrial order:

**i.** Objections to another party's requests to charge or proposed *voir dire* questions;

     **ii.** Opposition to any motion *in limine*, due within seven days of the filing of the motion; and

     **iii.** Opposition to any legal argument in a pretrial memorandum.

**E. Courtesy Copies.** Two courtesy copies of all documents identified in Sections 7(A), (B), (C)(i-ii), and (D) above should be mailed or hand-delivered to Chambers on the date on which they are to be served or filed.  Only one set of documentary exhibits is required.  Voluminous material may be organized either in binders or manila file folders but in any event, the courtesy copies shall be separately arranged into two independent sets.

## 8. Trial Procedures in *Pro Se* Cases

**A. Generally.** Rule 7 applies equally to cases involving a *pro se* party, with the following exceptions:

     **i. Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (i) a statement of the facts the *pro se* party hopes to prove at trial; (ii) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (iii) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial.  The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party.  The *pro se* party shall file an original of this Statement with the Pro Se Intake Office.  Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same categories of information.

     **ii. Pretrial Filings.** The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so.  Counsel for any represented party is directed to follow Rule 7(B)-(D).

## 9. Electronic Filing Under Seal in Civil and Miscellaneous Cases

**A. Redactions Not Requiring Court Approval.** Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court.  The parties are also referred to the E-Government Act of 2002 and the Southern District's ECF Privacy Policy and

Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files (together "Privacy Policy").

**B.** **Sealing/Redactions Requiring Court Approval.** Except for redactions permitted by the previous paragraph, all redactions or sealing of public court filings require Court approval. To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

**i.** **Procedures for Filing Documents with Redactions.** Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the Court's ECF system in conformity with the Court's Standing Order 19-mc-00583 and ECF Rules & Instructions Section 6, available at https://nysd,uscourts.gov/rules/ecf-related-instructions.

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal (including why the redactions are consistent with the standards discussed in Paragraph 9(B) above), and should not include the confidential information sought to be filed under seal or redacted. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be redacted.

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall:

15

(a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed on ECF and related to the motion.

Any party unable to comply with the requirements for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

ii. **E-mailing of Documents to Chambers**. At the same time, the party should e-mail to Chambers (VyskocilNYSDChambers@nysd.uscourts.gov) (i) a clean (i.e., unredacted) copy of the document and (ii) a copy of the document highlighting the information that has been redacted in the ECF filing.

**10. Policy on the Use of Electronic Devices**

Attorneys' use of electronic devices (including mobile telephones, personal electronic devices, computers, and printers) within the Courthouse and its environs is governed by the Court's Standing Order M10-468, available at https://nysd.uscourts.gov/sites/default/files/pdf/standing-order-electronic-devices.pdf. If required by the Standing Order, counsel seeking to bring a device into the Courthouse shall submit a copy of the Electronic Devices General Purpose Form, available at https://nysd.uscourts.gov/node/766, to the Court by e-mail at least 24 hours prior to the relevant trial or hearing. Untimely requests may be denied on that basis alone. If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they **must** be kept turned off at all times. Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

**ATTACHMENT A**

**DEFAULT JUDGMENT PROCEDURE**

**1.** Before proceeding with a motion, a plaintiff seeking a default judgment must obtain a Certificate of Default for each defaulting defendant from the Clerk's Office pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1.

**2.** After receiving the certificate of default, the plaintiff must file on ECF a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.1 and 55.2. A plaintiff seeking a default judgment should NOT proceed by order to show cause.

**3.** The motion for default judgment must be accompanied by a proposed form of judgment and be supported by the following papers (which must be filed on ECF, with two courtesy copies delivered to Chambers):

    a. An attorney's affidavit setting forth:

        i. A brief description of the nature of the claim(s);

        ii. A description of the legal and factual basis for the Court's subject matter jurisdiction;

        iii. A description of the legal and factual basis for the assertion of personal jurisdiction over the defendant against whom default judgment is sought;

        iv. A statement that the defendant is not an infant or incompetent;

        v. the basis for entering a default judgment, including:

- a description of the method and date of service of the Summons and Complaint;

- the procedural history beyond service of the Summons and Complaint, if any;

- whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

- the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

- the legal authority for why an inquest into damages would be unnecessary.

b.    A proposed order to show cause.

c.    A proposed default judgment.

d.    A copy of the Affidavit of Service of the Summons and Complaint.

e.    A Certificate of Default from the Clerk of Court.

**4.**    **Relief.** If a party seeks an award of damages or attorney's fees and expenses, the moving party must also include:

a.    A request for an amount equal to or less than the principal amount demanded in the Complaint;

b.    Definitive information and documentation such that the amount provided for in the proposed judgment can be readily calculated. (If this requirement cannot be satisfied, a default judgment may be granted as to liability, and damages will be determined by an inquest.);

c.    An affidavit representing that no part of the judgment sought has been paid, other than as indicated in the motion;

d.    Any request for interest on the principal amount may not exceed 9% simple interest, unless a legal or factual basis is demonstrated for a different rate;

e.    An affidavit setting forth the legal and factual basis for any claim of attorneys' fees and expenses, the hours spent by each attorney, the reasonable hourly rate for each attorney, a description of services and the dates on which the services were rendered and a description of the expenses; and

f.    The calculations made in arriving at the proposed judgment amount.

**5.**    The Court will review the motion for default judgment and, if appropriate, issue an order setting a date and time for a default judgment hearing.

**6.**    If the Court issues an Order, plaintiff should promptly serve on the defendant (a) a conforming copy of the motion and supporting papers and (b) the Court's Order setting the date and time for the default judgment hearing.

**7.**    Prior to the hearing date, Plaintiff must file on ECF proof of service in the manner and by the date specified by the Court's Order setting the default judgment hearing.


**8.**    Prior to the return date, Plaintiff must take the proposed judgment, separately backed, to the Orders and Judgments Clerk for the Clerk's approval. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.