```
                                                         USDC SDNY
                                                         DOCUMENT
                                                         ELECTRONICALLY FILED
                                                         DOC #:_____
UNITED STATES DISTRICT COURT                             DATE FILED:  11/8/2021
SOUTHERN DISTRICT OF NEW YORK
```

FELIPE CIRNE DE LOS SANTOS,

               Plaintiff,

               -against-                              1:21-cv-1577-MKV

94 CORNER CAFE CORP., MOHINDER SINGH,       ORDER
BALWINDER SINGH, PARMAJIT KAUR, and KADRA
ZARWI,

               Defendants.

MARY KAY VYSKOCIL, United States District Judge:

       The Court is in receipt of a letter from Defendants advising the Court that they will not be able to secure counsel for Defendant 94 Corner Cafe Corp. by the deadline set by the Court in its Order dated September 29, 2021, extending Defendants' deadline to retain counsel and file an appearance. [ECF No. 30].

   **I.**   **Defendant 94 Corner Cafe Corp.'s Failure To Retain Counsel**

       Plaintiff filed a complaint initiating this action on February 22, 2021. [ECF No. 1]. On June 11, 2021 and June 14, 2021, Plaintiff served the summons and complaint on all Defendants and filed the corresponding affidavits of service. [ECF Nos. 6–10]. Subsequently, a letter from *pro se* Defendant, Mohinder Singh, was filed on ECF "requesting a motion to dismiss this case because of the inaccuracy of the accusations present in the case statement" and improperly addressed to Chief Judge Laura Swain. [ECF No. 12]. The Court construed that letter as a pre-motion letter requesting a conference in connection with a contemplated motion to dismiss on behalf of the individual Defendant Mohinder Singh Only. [ECF No. 14]. The Court therefore directed the individual Defendants Balwinder Singh, Parmajit Kaur, and Kadra Zarwi to appear and answer the Complaint. The Court also advised Defendants that Defendant 94 Corner Cafe

1

Corp. could not proceed *pro se* because it is a corporation and directed Defendant 94 Corner Cafe Corp. to retain counsel, appear, and answer the Complaint on or before July 27, 2021. [ECF No. 14].

On July 26, 2021, the Court received a letter signed by Defendants Mohinder Singh, Parmajit Kaur, and Kadra Zarwi and nonparty Sukhjinder Singh, a manager of Defendant 94 Corner Café, and submitted on behalf of all Defendants in this matter. [ECF No. 21]. The letter requested dismissal of this case and noted Defendant 94 Corner Café would have difficulty retaining counsel due to financial circumstances. [ECF No. 21]. Plaintiff filed a response opposing Defendants' request for dismissal and expressing his intent to move for default judgment against Defendant 94 Corner Café. [ECF No. 22].

On August 3, 2021, the Court construed the July 26 letter as a request by the Individual Defendants for a pre-motion conference in connection with an anticipated motion to dismiss and granted that request. [ECF No. 23]. The Court ordered the parties to appear for a pre-motion conference on August 31, 2021, and again advised that Defendant 94 Corner Café Corp. could not proceed *pro se* and needed to retain counsel. [ECF No. 23].

On September 1, 2021, the Court entered a scheduling Order directing Defendant 94 Corner Café Corp. to retain counsel and file an appearance by September 30, 2021. [ECF No. 26]. The Court once again advised Defendant 94 Corner Café Corp. that, as a corporation, it could not proceed *pro se*. [ECF No. 26]. The Court also directed the parties to confer for settlement negotiations and for Plaintiff, on or before October 20, 2021, to file a letter advising the Court of the status (not substance) of settlement negotiations. [ECF No. 26]. Contingent on Defendants first engaging in settlement negotiations, the Court set a briefing schedule for Defendants' contemplated motion to dismiss. [ECF No. 26]. The Court admonished Defendants

that failure to comply with the Order and deadlines therein may result in sanctions. [ECF No. 26].

On September 24, 2021, Defendants filed a letter advising the Court that Defendant 94 Corner Café Corp. would be unable to retain counsel by the September 30 deadline. [ECF No. 31]. Subsequently, the Court issued an Order extending Defendant 94 Corner Café Corp.'s deadline to retain counsel to October 28, 2021. [ECF No. 30]. The Court again advised Defendant 94 Corner Café Corp. that, as a corporation, it could not proceed *pro se*. [ECF No. 30]. The Court also extended all other deadlines in the case by reason of Defendant 94 Corner Café Corp.'s failure to retain counsel. [ECF No. 30]. The Court warned Defendants that the failure to retain counsel by the deadline in the Order may result in an entry of default judgment against it. [ECF No. 30].

The Court is now in receipt of a letter from Defendants advising the Court that they will not be able to secure counsel by the deadline set by the Court in its Order dated September 29, 2021, extending Defendants' deadline to retain counsel and file an appearance.

As the Court has ordered repeatedly [ECF Nos. 14, 23, 26, 30] and further explained at the conference held on August 31, 2021, Defendant 94 Corner Café Corp. may not proceed *pro se*. Defendant 94 Corner Café Corp. may appear in federal court only through licensed counsel. *See*, *e.g.*, *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006) ("[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel . . . ."); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant[ ] could only appear with counsel."). By Order dated September 24, 2021, the Court further warned that failure to retain counsel by the deadline in the Order may result in an entry of default judgment against it. [ECF No. 30]. As such, the Court will no longer

3

postpone these proceedings to all so as to give more time for Defendant 94 Corner Café Corp. to appear through retained counsel.

## II. Default Judgment As Against One Defendant Where Other Defendants Have Appeared

Where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Federal Rule of Civil Procedure 55.  *Grace*, 443 F.3d at 192; *see Coastal Inv. Partners, LLC v. DSG Glob., Inc.*, No. 17-CV-4427 (PKC), 2020 WL 4887023, at *1 (S.D.N.Y. Aug. 19, 2020).

In a multi-defendant case where defendants are alleged to be jointly and severally liable, entering a default judgment would not run the risk of inconsistent judgments.  *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 152–53 (E.D.N.Y. 2019) (citing *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872)).  In a Fair Labor Standards Act (FLSA) case, a plaintiff may seek to hold multiple defendants who employ him jointly and severally liable for damages. *Perez v. Manna 2nd Ave. LLC*, No. 15-CV-4655, 2017 WL 780812, at *3 (S.D.N.Y. Feb. 28, 2017) ("[T]he defendants jointly employed the employees and are jointly and severally liable under the FLSA for any damages award.").

In these situations, some courts in this circuit have proceeded to decide default judgment motions in cases while the other parties are still litigating.  *See Bleecker v. Zetian Sys., Inc.*, No. 12-CV-2151, 2013 WL 5951162, at *6-7 (S.D.N.Y. Nov. 1, 2013).  However, other courts in this circuit have deferred considering a motion for default judgment in this situation.  *See Palma-Castillo v. New Tacolandia Inc.*, No. 09-CV-10374, 2011 WL 7092652, at *2 (S.D.N.Y. May 9, 2011); *Lemache*, 354 F. Supp. 3d at 154.

The Court believes the latter approach to be more appropriate in the circumstances of this case and will not entertain motions for entry of default judgment at this time.  Rather, the Court

first will entertain the proposed motion by the individual defendants to dismiss the complaint. Proceeding in this manner will preserve the court's resources because "[w]ere the Court to decide the default judgment motion, it [could end up] in the position of calculating damages twice: first in resolving the default judgment application and then, if [the other Defendants are] found liable, at the completion of [this] case." *Lemache*, 354 F. Supp. 3d at 154. Moreover, the Court has granted the appearing Defendants leave to file a Motion to Dismiss. [ECF No. 26]. Plaintiff's allegations against Defendant 94 Corner Cafe Corp. are identical to his allegations against the appearing Defendants. [ECF No. 1]. Should Defendants prevail on their motion, an order granting appearing Defendants' Motion to Dismiss may preclude the grant of a motion for entry of default judgment against Defendant 94 Corner Cafe Corp. *See RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 414–15 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *Hudson v. Universal Pictures Corp.*, No. 03-CV-1008 (FB)(LB), 2004 WL 1205762, at *5 (E.D.N.Y. Apr. 29, 2004), *aff'd sub nom. Hudson v. Imagine Ent. Corp.*, 128 F. App'x 178 (2d Cir. 2005) ("To allow [Plaintiff] to recover a default judgment against one defendant when claims against similarly situated co-defendants have been found to be meritless would be 'unseemly and absurd, as well as unauthorized by law.' (quoting *Diarama Trading Co., Inc. v. J. Walter Thompson USA, Inc.*, 2002 WL 31545845, at *3 (S.D.N.Y.2002))).

As such, the Court the Court will not consider any Motions for an entry of default judgment at this time. The Court adjusts the deadlines set forth in the Court's order dated September 29, 2021 as follows:

- The Deadline to file a letter advising the Court of the status (not substance) of settlement negotiations is extended from on or before November 17, 2021 to November 30, 2021. Plaintiff shall advise in its letter whether the parties have engaged in settlement discussions, if so, when and by what means, whether the discussions have resulted in a settlement, whether discussions are ongoing, and whether referral to a magistrate judge or

    the Southern District's mediation program would assist in bring the case to a consensual resolution.

- On the condition Defendants first engage in good faith settlement negotiations with Plaintiff, the Court GRANTS the individual Defendants leave to file a motion to dismiss the Complaint. Defendants are reminded that 94 Corner Café Corp. may not file any motion other than by a licensed attorney. Individual Defendants' motion is due on or before December 6, 2021; Plaintiff's opposition is due on or before January 4, 2022; Individual Defendants' reply is due on or before January 18, 2022.

No further extensions will be granted. Failure of any party to comply with the above deadlines may result in sanctions, including preclusion or dismissal of claims or defenses.

    The Clerk of Court is respectfully requested to mail copies of this Order to the individual Defendants at 2518 Broadway, New York, NY 10025.

**SO ORDERED.**

**Dated: November 8, 2021**            **MARY KAY VYSKOCIL**
    **New York, NY**               United States District Judge