USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE CIRNE DE LOS SANTOS,

            Plaintiff,

-against-

94 CORNER CAFE CORP., MOHINDER SINGH, BALWINDER SINGH, PARMAJIT KAUR, and KADRA ZARWI,

            Defendants.

1:21-cv-1577-MKV

ORDER

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff filed a complaint initiating this action on February 22, 2021. [ECF No. 1]. On June 11, 2021 and June 14, 2021, Plaintiff served the summons and complaint on all Defendants and filed the corresponding affidavits of service. [ECF Nos. 6–10]. Subsequently, a letter from *pro se* Defendant, Mohinder Singh, was filed on ECF "requesting a motion to dismiss this case because of the inaccuracy of the accusations present in the case statement" and improperly addressed to Chief Judge Laura Swain. [ECF No. 12]. The Court construed that letter as a premotion letter requesting a conference in connection with a contemplated motion to dismiss on behalf of the individual Defendant Mohinder Singh Only. [ECF No. 14]. The Court therefore directed the individual Defendants Balwinder Singh, Parmajit Kaur, and Kadra Zarwi to appear and answer the Complaint. The Court also advised Defendants that Defendant 94 Corner Café Corp. could not proceed *pro se* because it is a corporation and directed Defendant 94 Corner Cafe Corp. to retain counsel, appear, and answer the Complaint on or before July 27, 2021. [ECF No. 14].

    On July 26, 2021, the Court received a letter signed by Defendants Mohinder Singh, Parmajit Kaur, and Kadra Zarwi and nonparty Sukhjinder Singh, a manager of Defendant 94

1

Corner Café, and submitted on behalf of all Defendants in this matter. [ECF No. 21]. The letter requested dismissal of this case and noted Defendant 94 Corner Café would have difficulty retaining counsel due to financial circumstances. [ECF No. 21]. Plaintiff filed a response opposing Defendants' request for dismissal and expressing his intent to move for default judgment against Defendant 94 Corner Café. [ECF No. 22].

On August 3, 2021, the Court construed the July 26 letter as a request by the Individual Defendants for a pre-motion conference in connection with an anticipated motion to dismiss and granted that request. [ECF No. 23]. The Court ordered the parties to appear for a pre-motion conference on August 31, 2021, and again advised that Defendant 94 Corner Café Corp. could not proceed *pro se* and needed to retain counsel. [ECF No. 23].

On September 1, 2021, the Court entered a scheduling Order directing Defendant 94 Corner Café Corp. to retain counsel and file an appearance by September 30, 2021. [ECF No. 26]. The Court once again advised Defendant 94 Corner Café Corp. that, as a corporation, it could not proceed *pro se*. [ECF No. 26]. The Court also directed the parties to confer for settlement negotiations and for Plaintiff, on or before October 20, 2021, to file a letter advising the Court of the status (not substance) of settlement negotiations. [ECF No. 26]. Contingent on Defendants first engaging in settlement negotiations, the Court set a briefing schedule for Defendants' contemplated motion to dismiss. [ECF No. 26]. The Court admonished Defendants that failure to comply with the Order and deadlines therein may result in sanctions. [ECF No. 26].

On September 24, 2021, Defendants filed a letter advising the Court that Defendant 94 Corner Café Corp. would be unable to retain counsel by the September 30 deadline. [ECF No. 31]. Subsequently, the Court issued an Order extending Defendant 94 Corner Café Corp.'s

deadline to retain counsel to October 28, 2021. [ECF No. 30]. The Court again advised Defendant 94 Corner Café Corp. that, as a corporation, it could not proceed *pro se*. [ECF No. 30]. The Court also extended all other deadlines in the case by reason of Defendant 94 Corner Café Corp.'s failure to retain counsel. [ECF No. 30]. The Court warned Defendants that the failure to retain counsel by the deadline in the Order may result in an entry of default judgment against it. [ECF No. 30].

On October 21, 2021, the Court received a letter from Defendants advising the Court that they would not be able to secure counsel by the deadline set by the Court in its Order dated September 29, 2021, extending Defendants' deadline to retain counsel and file an appearance. [ECF No. 32]. Subsequently, on November 8, 2021, the Court granted the individual defendants leave to file a motion to dismiss the Complaint. [ECF No. 33]. The Court directed Defendants to file their Motion to Dismiss on or before December 6, 2021. [ECF No. 33]. The Court admonished Defendants that "[f]ailure . . . to comply with the above deadlines may result in sanctions, including preclusion or dismissal of claims or defenses." [ECF No. 33].

As of January 5, 2022, Defendants had not filed a Motion to Dismiss. As such, the Court directed Defendants to answer or otherwise respond to Plaintiff's Complaint on or before February 7, 2022. [ECF No. 35]. The Court admonished Defendants that "[f]ailure to [answer or otherwise respond to the Complaint] may result in an entry of default judgment against Defendants." [ECF No. 35].

On January 26, 2022, the Court received a letter from the individual defendants. [ECF No. 36]. In that letter, Defendants claim that they did not meet the Court's deadline because they "incorrectly interpreted the dates that were set forth." [ECF No. 36]. They now request that the Court accept their motion to dismiss the Complaint. [ECF No. 36]. However, Defendants do not

include any motion with their letter or make any arguments as to why Plaintiff's Complaint should be dismissed. [ECF No. 36].

To date, Defendants have not answered or otherwise responded to the Complaint. As such, IT IS HEREBY ORDERED that any motion for entry of a default judgment shall be filed by April 7, 2022. Plaintiff is directed to follow the procedures applicable to default judgments under the Court's Individual Rules and Practices for Civil Cases, available at the Court's website. Failure to move for a default judgment by April 7, 2022 may result in dismissal of this action for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

The Clerk of Court is respectfully requested to mail copies of this Order to the *pro se* Defendants at the address of record.

**SO ORDERED.**

**Dated: March 7, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**